## CAROS v. JOHNSTON et al.

### Civil Action No. 2293.

District Court, W. D. Pennsylvania.
Aug. 12, 1943.

Margiotti, Pugliese & Casey, of Pittsburgh, Pa., for plaintiff.

Gallup, Potter & Gallup, of Bradford, Pa., for defendants.

GIBSON, District Judge.

Plaintiff, while crossing a street in Bradford, Pennsylvania, was struck and injured by a Blue Sedan Automobile driven by the defendant Thomas Salisbury. The jury returned a verdict against both defendants, each of whom has moved for judgment in his favor upon his motion for a directed verdict in his favor and, in the alternative, for a new trial.

Each of the defendants was called for cross-examination by the plaintiff. By the testimony of each on such cross-examination it developed that the defendant R. B. Johnston was operating a ladies' furnishing business in Bradford and that the defendant Thomas Salisbury was employed by him as a delivery and errand boy. Johnston, in making deliveries to his customers, ordinarily used a Black Ford Panel Delivery Truck, but on the day of the accident that truck was out of order, and deliveries had been made by the use of the Blue Sedan Automobile which later figured in the accident. It also appeared that the Blue Sedan Car had theretofore been used for deliveries when the Panel Truck was being repaired. The Sedan did not bear the name of R. B. Johnston. The Panel Truck did bear it. As a convenience to Salisbury, he was allowed, after finishing his deliveries for each day, to take the vehicle used to his home and place it in a nearby garage in order that he might get to work in the morning.

Thomas Salisbury, called in his own behalf, testified that after making his deliveries for the day he had driven to his home, had dinner, and then was on his way to the Bradford High School, where he was taking an engineering course at night. He testified, and was confirmed by the testimony of Mr. Johnston, that he was authorized by Mr. Johnston to use the Truck or Sedan for his own purposes after it was taken to his home after the deliveries of the day had been made.

The motion of Thomas Salisbury for judgment and his alternative motion for a new trial will each be denied, as the jury accepted the testimony offered by the plaintiff, which, if believed, was sufficient to establish his negligence.

As to the defendant R. B. Johnston, the decision upon his motion depends upon the determination of the propriety or otherwise in submitting his case to the jury. Had his marked Panel Truck figured in the accident instead of the unmarked Blue Sedan, the rebuttable presumption that the truck was operated upon the business of the defendant would have carried the case to the jury. Conley v. Mervis, 324 Pa. 577, 188 A. 350, 108 A.L.R. 160. The Sedan did not have Mr. Johnston's name thereon, but it was his car that was used at times upon his business and was driven by his employe. Joined to the fact that the car was used by the employe, with the consent of the owner, in going from and coming to his work, and thus connected with the business of Mr. Johnston, the ownership and use of the car for business purposes would create a rebuttable presumption, we think, that would require submission of the case to the jury.

The motions of both R. B. Johnston and Thomas Salisbury will be refused.